```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

AMERICAN GENERAL LIFE INS. CO.,    :
                                   :
     Interpleader Plaintiff,       :
                                   :
v.                                 :    CASE NO. 3:20cv798(CSH)
                                   :
KELLY W. GROHS and                 :
VICKIE FRENZEL,                    :
                                   :
     Interpleader Defendants.      :
```

RECOMMENDED RULING ON DEFENDANT'S MOTION FOR DEFAULT JUDGMENT
AND PLAINTIFF'S MOTION FOR DISCHARGE FROM FURTHER LIABILITY

This matter involves a dispute over a life insurance policy. Interpleader defendants Kelly Grohs and Vickie Frenzel each claim that they are entitled to the proceeds of the policy. Interpleader Plaintiff, American General Insurance Company ("American General"), filed the complaint in this action against both interpleader defendants. Defendant Frenzel filed a cross-complaint against defendant Grohs. Defendant Grohs failed to appear or otherwise respond to either complaint. On July 17, 2020, American General filed a motion for default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, which was granted on August 12, 2020. Pending before the court is Defendant Frenzel's motion for default judgment as to Defendant Grohs under Federal Rule of Civil Procedure 55(b). (Dkt. #15).

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." Priestley v. Headminder, Inc., 647 F.3d 497, 504 (2d Cir. 2011). "The first step is to obtain an entry of default. When a party against whom affirmative relief is sought has failed to plead or otherwise defend, . . . Rule 55(a) empowers the clerk of court to enter a default." Id. "The next step requires the plaintiff to seek a judgment by default under Rule 55(b)." Id. "Rule 55(b)(1) allows the clerk to enter a default judgment if the plaintiff's claim is for a sum certain and the defendant has failed to appear." Id. In all other cases Rule 55(b)(2) governs. It requires a party seeking a judgment by default to apply to the court for entry of a default judgment." Id.

The Court held a hearing on August 25, 2021 to determine the proper action to be taken on Defendant-crossclaim plaintiff Frenzel's motion for default judgment and American General's motion for discharge from further liability.[1] Based upon the representations contained in the written motions and made by counsel during the hearing, the Court recommends that these motions be granted.

---

[1] Notice of the hearing on the pending motion was filed on the docket on August 10, 2021. The Undersigned delayed the start of the hearing an additional ten minutes to allow for Defendant Grohs to appear. Defendant Grohs failed to appear for the hearing.

Based on the hearing that was held, the undersigned finds that the matter relates to a life insurance policy with a face value of $120,000.00.[2] The policy amount, $121,296.08, was given to the Clerk of Court and deposited into the U.S. Treasury to be invested in the Court Registry Investment System Disputed Ownership Fund. (Dkt. #9). Defendant Frenzel has filed a cross-complaint against Grohs which has not been answered. There is no evidence that Grohs is a minor or incompetent person. Cross-claim plaintiff Frenzel has provided an affidavit indicating that Ms.Grohs is not serving in the military.

In light of the foregoing facts, the Court recommends that the motion for default judgment be granted. In computing the amount of the default judgment, the Court should award Cross-claim plaintiff Frenzel the face value of the insurance policy, plus interest gained. From this amount, the Court should then deduct the attorneys' fees requested by American General in American General's uncontested motion for discharge from further liability.

In American General's motion for discharge from further liability, American General indicates that Defendant Frenzel

---

[2] Since the life insurance policy has a face value of $120,000, the Court believes that Frankel's claim is for a sum certain or an amount that can be made certain by computation, such that the Clerk potentially could have entered the judgment pursuant to Rule 55(b)(1). However, the more prudent way of proceeding was to hold a hearing.

does not oppose American General's motion, a fact which was confirmed by Frenzel's counsel during the hearing of August 25, 2021.  In addition, American General has requested to withdraw $2,000 from the funds for attorneys' fees incurred in this matter.  As confirmed during the hearing, this motion is unopposed.  During the hearing, the Court was further informed that this amount was a negotiated agreement between the parties who have appeared. American General asserts that the actual amount of the attorneys' fees is greater than $2,000.  The Court instructed American General's counsel to provide documents substantiating the dollar amount requested.  In response American General's counsel filed a declaration and invoice on the docket. (Dkt. #28).  Upon review the Court finds that the request for $2,000 is supported by the evidence.  Therefore, the Court recommends that the Motion for Discharge from Further Liability be granted, absent objection.

Any party may seek the district court's review of this recommendation.  See 28 U.S.C. § 636(b) (written objections to proposed findings and recommendations must be filed within fourteen days after service of same); Fed. R. Civ. P. 6(a), 6(d) & 72; Rule 72.2 of the Local Rules for Magistrate Judges; Thomas v. Arn, 474 U.S. 140, 155 (1985).  Failure to file timely objections to Magistrate Judge's recommended ruling waives

further review of the ruling.  <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992).

SO ORDERED this 1st day of September, 2021 at Hartford, Connecticut.

```
              _____/s/_____
              Robert A. Richardson
              United States Magistrate Judge
```