UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AMERICAN GENERAL LIFE
INSURANCE COMPANY,
                Plaintiff,

v.

KELLY W. GROHS and VICKIE
FRENZEL,
                Defendants.

VICKIE FRENZEL,
                Cross-Claimant,

v.

KELLY W. GROHS,
                Crossclaim Defendant.

Civil Action No. 3:20-cv-00798 (CSH)

SEPTEMBER 28, 2021

**ORDER ON RECOMMENDED RULING
AND DEFENDANT VICKIE FRENZEL'S MOTION FOR SUMMARY JUDGMENT**

**HAIGHT, Senior District Judge:**

Plaintiff American General Life Insurance Company ("Plaintiff") brought this interpleader action pursuant to Federal Rule 22 to resolve conflicting claims to the proceeds of a policy that had insured the life of William J. Grohs ("Decedent"). *See generally* Doc. 1. Defendants Kelly W. Grohs ("Grohs") and Vickie Frenzel ("Frenzel") are Decedent's ex-wife and widow, respectively, and the holders of the conflicting claims to the life insurance proceeds. Doc. 1 at 3–4. Plaintiff has paid into Court the benefits from Decedent's policy, Doc. 11, and seeks a release from further liability related to this matter, *see generally* Doc. 16. Frenzel, meanwhile, has asserted a crossclaim against Grohs, seeking an award of the amount Plaintiff has paid into the Court, as well as a discharge of any claim by or on behalf of Grohs to the funds. *See* Doc. 13 at 5–8.

Grohs was served with process according to Connecticut procedures, *see* Doc. 7,[1] but she never has appeared in this action. After Grohs failed to timely appear, Plaintiff requested that the Clerk enter a default pursuant to Federal Rule 55(a), Doc. 12, and the default was duly noticed, Doc. 14. Following the entry of the default, Frenzel moved for a default judgment, pursuant to Federal Rule 55(b). *See generally* Doc. 15.

I referred Frenzel's motion for default judgment, as well as Plaintiff's motion for release from further liability, to Magistrate Judge Robert A. Richardson for a recommended ruling, pursuant to 28 U.S.C. § 636(b)(1)(B). Doc. 17. Judge Richardson conducted a hearing on the pending motions, at which Plaintiff and Frenzel appeared, and he has issued his report (the "R&R"), recommending that both motions be granted, that Plaintiff be awarded attorneys' fees in the amount of $2,000 out of the life insurance benefits deposited with the Court, and that Frenzel be awarded the remaining funds derived from the policy benefits. *See generally* Doc. 29.

Neither Plaintiff nor Frenzel has objected to the R&R, and the Court thus may adopt the R&R as long as it is not clearly erroneous. *See, e.g.*, *Leroy v. Colvin*, 84 F. Supp. 3d 124, 127 (D. Conn. 2015). The Court, however, also is permitted to be more searching in its review: 28 U.S.C. § 636(b)(1) unconditionally states that "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and thus "[e]ven if neither party objects to the magistrate's recommendation, the district court is not bound by the recommendation of the magistrate." *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). I shall

---

[1] Federal Rule 4 provides, in relevant part, that service of a complaint may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Connecticut law, which applies to the present matter in view of both this District's location and Grohs's uncontested place of residence, provides that "process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." Conn. Gen. Stat. § 52-57. Plaintiff has filed an attestation by a Connecticut state marshal that process comporting with the requirements of § 52-57 was left at Grohs's usual place of abode in Watertown, Connecticut. *See* Doc. 7.

exercise my discretion under the statute to review the R&R in greater detail, to address certain issues.

As an initial matter, neither Judge Richardson nor myself has explicitly addressed whether the Court possesses subject matter jurisdiction over this case, as is necessary for interpleader to lie and a default judgment to be rendered. Plaintiff brings this action as a "rule interpleader" action—*i.e.*, one pursuant to Federal Rule 22, and not under 28 U.S.C. § 1335. *See* Doc. 1 at 1–2. "[A] plaintiff invoking rule interpleader . . . must plead and prove an independent basis for subject-matter jurisdiction because Rule 22 is merely a procedural device." *Metro. Life Ins. Co. v. Carey*, No. 16-CV-3814, 2017 WL 4351512, at *3 (E.D.N.Y. Sept. 29, 2017). Here, Plaintiff has claimed that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), Congress's grant of diversity jurisdiction. Doc. 1 at 2. As a result, the Court is required to determine that the amount-in-controversy exceeds $75,000, exclusive of interest and costs, and "[t]here must also be 'complete diversity of citizenship' between the stakeholder and claimants, although there need not be diversity between the claimants themselves." *Hartford Life Ins. Co. v. Simonee*, No. 14-CV-7520, 2015 WL 8490998, at *2 (E.D.N.Y. Dec. 10, 2015). Based on the record of this case, the Court concludes that subject matter jurisdiction indeed is present: Plaintiff has alleged that Decedent's policy was for death benefits in the amount of $120,000 and has paid into Court that amount (plus applicable interest); and the totality of the record supports Plaintiff's allegation that the parties are of diverse citizenship. *See generally* Docs. 1, 5, 7, 11, 13.

Having established that subject matter jurisdiction over this matter exists, the Court turns to the substance of the R&R. Judge Richardson has recommended that default judgment be awarded to Frenzel, in view of the facts that the claim is for a sum certain (*i.e.*, the benefits under Decedent's policy), that Grohs has failed to appear, and that Grohs is not an individual against

3

whom a default judgment may not be entered. Doc. 29 at 3. Judge Richardson further has recommended that Plaintiff's motion for relief from further liability be granted, since that motion has not been opposed by either Frenzel or Grohs. *Id.* at 3–4. The Court will address these recommendations in reverse order, since "[a]n interpleader complaint generally involves a two-stage inquiry. The first stage requires the stakeholder to demonstrate that the requirements for interpleader have been met and that it is entitled to a discharge. The second stage determines the adverse claims between the claimants." *Seldon Clean Water Prods. (Asia) L.P. v. Taran*, No. 18-CV-4853 (BMC), 2019 WL 1118043, at *2 (E.D.N.Y. Mar. 11, 2019) (citing *N.Y. Life Ins. Co. v. Conn. Dev. Auth.*, 700 F.2d 91 (2d Cir. 1983)).

"Under Rule 22, interpleader is proper if the party requesting it is or may be exposed to double or multiple liability. . . . Accordingly, what triggers interpleader is a real and reasonable fear of double liability or vexatious, conflicting claims." *Washington Elec. Coop., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir. 1993) (citations and internal quotation marks omitted). "In applying this test, a court need not analyze the merits of the claims because '[t]he stakeholder should not be obliged at its peril to determine which of two claimants has the better claim.'" *Fidelity Brokerage Servs., LLC v. Bank of China*, 192 F. Supp. 2d 173, 178 (S.D.N.Y. 2002) (quoting *John Hancock Mut. Life Ins. Co. v. Kraft,* 200 F.2d 952, 954 (2d Cir. 1953)).

A review of the record readily confirms that Plaintiff's case meets the standard for interpleader relief. Plaintiff was informed by Grohs that a dispute existed regarding the benefits under Decedent's policy and that she intended to challenge the validity of two forms changing the policy's beneficiary to Frenzel, while Frenzel asserted her own claim to the benefits. Doc. 1 at 3–4; Doc. 13 at 3. Plaintiff meanwhile maintains that it is a disinterested stakeholder, having no interest in the policy benefits. Doc. 1 at 4; Doc. 5 at 2. Finally, the relevant claimants have been

joined as defendants in this action. Doc. 16 at 2. Accordingly, the Court ADOPTS Judge Richardson's recommendation, insofar as Judge Richardson has found that Plaintiff is entitled to *some* form of relief from the multiple liability it faces related to the policy insuring Decedent's life.

The Court, however, does not adopt so much of the R&R as may be read to suggest that Plaintiff should be awarded all of the forms of relief that Plaintiff has sought. Specifically, Plaintiff seeks not only a decree that Plaintiff is relieved from all further liability arising out of the disputed insurance proceeds, but also an injunction against court actions regarding the same. Doc. 1 at 5–6; Doc. 16-1 at 2–3. However, injunctive relief is neither necessary nor appropriate here. As Judge Bolden explained in a rule interpleader action that similarly concerned conflicting claims to life insurance proceeds:

> To obtain the injunction that it seeks, Sun Life must satisfy the usual standards for obtaining a permanent injunction. That is, Sun Life must demonstrate "(1) irreparable harm . . . and (2) actual success on the merits."
>
> As to irreparable harm, Sun Life faces the risk of being sued in a separate action for recovery of the Death Benefit. However, should that happen, Sun Life can rely on the Court's order discharging it from further liability under the Policy with respect to the death of Elson A. Diaz. Even if a judgment were entered against Sun Life despite the Court's order, the injury to Sun Life would not be one that money damages could not compensate.

*Sun Life Assurance Co. of Canada v. Diaz*, No. 3:14-CV-01685-VAB, 2015 WL 1826088, at *6 (D. Conn. Apr. 22, 2015) (citations omitted). Judge Bolden's reasoning in *Diaz* applies with equal force to the case at the bar: were a separate action to be instituted against Plaintiff in another court, arising out the policy benefits at issue in this case, a decree from this Court discharging Plaintiff from any and all liability related to Decedent's policy would be sufficient to resolve the matter; and even if such action proceeded to a judgment against Plaintiff, that harm would not be incapable

5

of adequate compensation, as is required for an injunction to issue. The Court therefore will not award injunctive relief in addition to the decree Plaintiff seeks.

The Court further considers whether the award of attorneys' fees to Plaintiff is appropriate in this matter. Based on Plaintiff's unopposed motion for relief from further liability, Judge Richardson has recommended that Plaintiff be awarded attorneys' fees in the amount of $2,000, drawn from the life insurance proceeds that have been paid into the Court. Doc. 29 at 3–4. "An award of costs and fees to an interpleader plaintiff may be appropriate where the plaintiff is '(1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability.'" *Diaz*, 2015 WL 1826088, at \*6 (quoting *Septembertide Pub., B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d Cir.1989)). Any such fee award, however, is committed to the Court's discretion: as the Second Circuit long ago observed "We are not impressed with the notion that whenever a minor problem arises in the payment of insurance policies, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business of their insureds by bringing an action for interpleader." *Travelers Indem. Co. v. Israel*, 354 F.2d 488, 490 (2d Cir. 1965).

"Conflicting claims to the proceeds of a policy are inevitable and normal risks of the insurance business," and an interpleader action resolving such claims "is brought primarily in the company's own self-interest." *Companion Life Ins. Co. v. Schaffer*, 442 F. Supp. 826, 830 (S.D.N.Y. 1977). Under such circumstances, numerous courts have declined to award fees to the stakeholder insurer who has sought interpleader relief. *See, e.g.*, *Feehan v. Feehan*, No. 09 CIV. 7016 DAB THK, 2011 WL 497852, at \*7–\*8 (S.D.N.Y. Jan. 10, 2011) (finding that "courts in this Circuit have typically declined to award insurance companies attorneys' fees and costs in interpleader actions," and concluding that the case merited similar treatment because "[t]he present

interpleader action is not complex. Prudential did not provide any unique services, nor did this action involve any unique problems. Indeed, Prudential has not explained in any of its submissions to the Court how the expenses incurred in filing an interpleader action in any way exceeded the ordinary cost of doing business as an insurance company."), *adopted by* 2011 WL 497776 (S.D.N.Y. Feb. 10, 2011). *See also, e.g.*, *Diaz*, 2015 WL 1826088, at *6; *Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 321 (S.D.N.Y. 2014); *Metro. Life Ins. Co. v. Mitchell*, 966 F. Supp. 2d 97, 105 (E.D.N.Y. 2013); *N.Y. Life Ins. Co. v. Apostolidis*, 841 F. Supp. 2d 711, 721 (E.D.N.Y. 2012).

I find the case at the bar to be similar. That a deceased individual's ex-wife and widow should dispute which of them is entitled to the proceeds of the decedent's life insurance policy is an unremarkable legal tale—even, perhaps, a paradigmatic example of when interpleader is appropriate. Furthermore, since one of the potential claimants in the present case has defaulted, Plaintiff's counsel hardly have needed to exert themselves to relieve Plaintiff from legal liability stemming from the rival claimants' dispute. The Court therefore declines to adopt Judge Richardson's recommendation that attorneys' fees be awarded to Plaintiff; the Court will not award such fees in this case.

With respect to Frenzel's motion for default judgment, the Court finds that Judge Richardson's recommendation is appropriate. In interpleader actions, "[t]he failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the *res* can be viewed as forfeiting any claim of entitlement that might have been asserted." *Gen. Accident Grp. v. Gagliardi*, 593 F. Supp. 1080, 1089 (D. Conn. 1984), *aff'd*, 767 F.2d 907 (2d Cir. 1985). Grohs, despite having been served with process and the passage of over a year's time, has failed to appear in this action and to take any steps to assert her claim to the policy proceeds. Grohs thus may

fairly be viewed as having abandoned her claim to the death benefits arising from Decedent's policy. Accordingly, the Court ADOPTS so much of the R&R as recommends granting default judgment to Frenzel. The Court will award Frenzel the policy benefits that Plaintiff has deposited with the Court.

Finally, having determined that Plaintiff shall be relieved from liability, and that Frenzel shall be awarded the policy benefits deposited with the Court, the Court finds that Frenzel's motion for summary judgment, Doc. 26, is MOOT.

NOW THEREFORE, the Court enters the following Orders:

1) Plaintiff, American General Life Insurance Company, is hereby DISCHARGED WITH PREJUDICE from any and all liability to Defendants Kelly W. Grohs and Vickie Frenzel, as well as to any person, firm, estate, corporation, or entity, on account of or in any way related to American General Life Insurance Company Policy Number YME1244274, issued to the late William J. Grohs, including but not limited to any claim related to the handling or processing of any claims made under American General Life Insurance Company Policy Number YME1244274, issued to the late William J. Grohs.

2) Pursuant to 28 U.S.C. § 2042, the Clerk is directed to release to Defendant Vickie Frenzel the interpleader funds that have been at issue in this litigation and that have been deposited with the Court Registry Investment System ("CRIS") by prior order of the Court.[2] The amount of interpleader funds paid to Defendant Vickie Frenzel shall include the amount deposited by Plaintiff American General Life Insurance Company, plus all interest accrued while the funds have been on deposit with CRIS, less all applicable taxes, fees, and expenses. Prior to the release of the interpleader funds to Defendant Vickie Frenzel,

---

[2] These funds have been held in an interest-bearing account in the name of "Clerk of Court of the United States District Court for the District of Connecticut, Civil Action No. 3:20-cv-00798."

Frenzel shall submit to the Clerk the information required by Local Civil Rule 67(c), as well as any additional information the Clerk may require to effect the foregoing order to disburse the interpleader funds; no funds may be released until such information has been provided.

The Clerk is directed to close the file.

It is SO ORDERED.

Dated:  New Haven, CT
September 28, 2021

*s/ Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge

9